IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BLAIR E. BINKLEY                            )
                                           )
v.                                         )        No. 1:15-0089
                                           )        Judge Sharp/Bryant
SOCIAL SECURITY ADMINISTRATION             )


To:    The Honorable Kevin Sharp, Chief Judge


## REPORT AND RECOMMENDATION

### I. Statement of the Case

        Plaintiff Blair E. Binkley, proceeding *pro se* and *in forma pauperis*, filed this

action against the Social Security Administration ("SSA"), through its Commissioner,

challenging the SSA's decision to deny him disability benefits.  (Docket Entry No. 1)  On

December 21, 2015, defendant SSA filed a motion to dismiss plaintiff's complaint, arguing

that this action was not timely filed.  (Docket Entry No. 11)  In support of its motion,

defendant has submitted documentation of the administrative proceedings on plaintiff's

disability claims, including the decision of the Administrative Law Judge (ALJ) (Docket

Entry No. 13-1) and a notice from the SSA's Appeals Council denying plaintiff's appeal from

the ALJ's decision.  (Docket Entry No. 13-2)  Included in the Appeals Council's notice was

advice of plaintiff's right to further appeal the agency determination by filing suit in this

court within sixty (60) days of receipt of the notice.  Id. at 2.  This notice is dated July 20,

2015.  Plaintiff filed his complaint in this Court on September 30, 2015.

        Plaintiff has not responded to defendant's motion to dismiss.

## II.  Conclusions of Law

The Social Security Act provides the exclusive vehicle for judicial review of final decisions by the SSA on disability benefits claims.  42 U.S.C. § 405(g)-(h); In re Sutton, 652 F.3d 678, 679 (6th Cir. 2011) (citing, e.g., Shalala v. Illinois Council on Long Term Care, Inc., 529 U.S. 1, 10 (2000)).  Section 405(g) -- incorporated for purposes of Supplemental Security Income claims under Title XVI of the Act by 42 U.S.C. § 1383(c)(3) --  provides that such review may be had "by a civil action commenced within sixty days after the mailing to [claimant] of notice of such decision or within such further time as the Commissioner may allow."  The final decision of the SSA on plaintiff's most recent benefits application was rendered on July 20, 2015, when the Appeals Council denied plaintiff's request for review of the ALJ's decision.  (Docket Entry No. 13-2 at 1)  The SSA by regulation has interpreted the date of "mailing" described in the statute to mean the date that the claimant receives notice of the Appeals Council's action, and has further directed that the date of receipt of such notice "shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."  20 C.F.R. § 422.210(c).

There has been no showing here of any delay in plaintiff's receipt of the Appeals Council notice.  He has not responded to the instant motion, and there is no indication in the complaint of any delay in receiving the notice.  Therefore, plaintiff is presumed to have received the mailing of such notice on July 25, 2015.  Accordingly, he had until September 23, 2015 to file timely his complaint in this court.  Plaintiff's complaint was not filed until September 30, 2015,[1] seven days outside of the sixty-day limitations period.

---

[1]September 30, 2015 is the date that the complaint and application to proceed *in forma pauperis* were received for filing in the Clerk's Office.  The envelope in which those documents were

Thus, the complaint is untimely and subject to dismissal. The Appeals Council notice to plaintiff fully disclosed plaintiff's appellate rights, the applicable limitations period, instructions on how to secure additional time to make the appropriate filing, and additional resources from which plaintiff could obtain answers to any questions he may have had. (Docket Entry No. 13-2) According to the declaration of the records custodian for plaintiff's file with the SSA, no request for an extension of time was made before the agency. (Docket Entry No. 13-1 at ¶ 3) Accordingly, there would not appear to be any call for equitable tolling in this case. See, e.g., Cook v. Comm'r of Soc. Sec., 480 F.3d 432, 437 (6th Cir. 2007). It is therefore concluded that plaintiff's complaint against the SSA should be dismissed.

### III. Recommendation

In light of the foregoing, the Magistrate Judge recommends that defendant's motion to dismiss plaintiff's complaint be GRANTED.

Any party has fourteen (14) days from receipt of this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985); Cowherd v. Million, 380 F.3d 909, 912 (6th Cir. 2004)(en banc).

---

mailed bears the postmark of September 28, 2015. The documents themselves bear the handwritten date of September 19, 2015. There is no explanation in the record for the delay in mailing the complaint and IFP application. However, as defendant notes, plaintiff was not confined to filing so close to the deadline.

**ENTERED** this 12th day of January, 2016.

        s/ John S. Bryant
_____
JOHN S. BRYANT
UNITED STATES MAGISTRATE JUDGE